**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Onario GONZALEZ–MORALES, also
known as Justiniano Gonzalez,
Defendant–Appellant.**

**No. 10–50222
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 2010.

Joseph H. Gay, Jr., U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Henry Joseph Bemporad, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Onario Gonzalez–Morales (Gonzalez) appeals following his guilty plea conviction

determined that this opinion should not be

for illegal reentry in violation of 8 U.S.C. § 1326. The district court imposed a sentence of 24 months in prison, to be followed by a three-year term of nonreporting supervised release. On appeal, Gonzalez argues that the sentence was greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).

Because Gonzalez did not object to the imposed sentence as unreasonable, we review this claim for plain error. *United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007). Gonzalez's disagreement with the within-guidelines sentence imposed does not suffice to rebut the presumption of reasonableness. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008); *United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008).

Gonzalez raises two additional arguments, which he acknowledges are foreclosed by our precedent, to preserve for further review. He argues that, in light of *Kimbrough v. United States,* 552 U.S. 85, 109–10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry Guideline, U.S.S.G. § 2L1.2, lacks an empirical basis. We have consistently rejected Gonzalez's argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual Guideline. *See United States v. Duarte,* 569 F.3d 528, 530–31 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–

67 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009).

Gonzalez also argues that the Guidelines produce unwarranted sentencing disparities between defendants who can participate in a fast-track program and defendants who cannot. We have held that "any sentencing disparity result from fast track disposition is not unwarranted." *Gomez–Herrera,* 523 F.3d at 563. Because Gonzalez has not shown that his 24–month prison sentence is substantively unreasonable, the judgment of the district court is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

